

Rec' 36156
york co.

Summons issued
WMC
MC to attys

RB 4/3/
J.1Case
UBG

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARIN MOORE, | : CIVIL ACTION NO. |
|     Plaintiff | : |
| vs. | : **1: CV 02-0535** |
| | : |
| SUSQUEHANNA AREA REGIONAL | : |
| AIRPORT AUTHORITY, and | : |
| ALFRED TESTA, JR., | : |
|     Defendants | : JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
APR 0 2 2002
MARY E. D'ANDREA, CLERK
Per _____

## COMPLAINT

### Violation of 42 U.S.C. §1983

1. Plaintiff Garin Moore is an adult individual who resides in the Middle District of Pennsylvania.

2. Defendant Susquehanna Area Regional Airport Authority (hereinafter sometimes called "The Authority") is a governmental authority organized and existing under the laws of the Commonwealth of Pennsylvania.

3. Said Authority is the owner and operator of the Harrisburg International Airport located in Dauphin County, Pennsylvania and the Capital City Airport located in York County, Pennsylvania.

4. The main office of the Authority, for the purpose of conducting its business, is located at 208 Airport Drive, Middletown, Dauphin County, Pennsylvania.

5. Defendant Alfred Testa, Jr., is an adult individual who is employed by the Authority

as Director of Aviation.

6. In his capacity as Director of Aviation, Alfred Testa, Jr., is in charge of the day-to-day operations of the Harrisburg International Airport and the Capital City Airport, including labor relations.

7. As Director of Aviation, Defendant Alfred Testa, Jr., is responsible for the formulation and carrying out of the labor relations policy of the Authority.

8. At all times material hereto, Plaintiff Garin Moore was employed by the Authority as a maintenance employee.

9. In January and February of 2002 Plaintiff Garin Moore engaged in the exercise of his First Amendment right of association by helping to organize the employees of the Authority for the purpose of collective bargaining.

10. On or about February 28, 2002, the Authority, acting through Defendant Testa and under color of state law, terminated the employment of Plaintiff Garin Moore.

11. Defendant Susquehanna Regional Airport Authority and its Director of Aviation, Alfred Testa, Jr., have adopted a policy of discouraging union activity at the Harrisburg International Airport and the Capital City Airport by any means (legal or illegal).

12. Plaintiff Garin Moore was terminated from his employment pursuant to that policy in retaliation for exercising his First Amendment right to help organize employees for the purpose of collective bargaining; and, further, to discourage other employees of the Authority from exercising their First Amendment rights to organize and bargain collectively with the Authority.

13. The termination of Plaintiff Moore's employment, under color of state law, in retaliation for engaging in union organizing activities, violates Plaintiff Moore's First Amendment rights contrary to 42 U.S.C. §1983.

14. This intentional and deliberate violation of 42 U.S.C. §1983 on the part of Defendant Susquehanna Area Regional Airport Authority and Defendant Alfred Testa, Jr., is outrageous.

15. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. §1331 and 28 U.S.C. §1343.

16. Venue is proper in the Middle District of Pennsylvania because Plaintiff is a resident of the Middle District, the main office of the Authority is located in the Middle District, and all of the events giving rise to Plaintiff's claim occurred in this District.

WHEREFORE, Plaintiff Moore requests the following legal and equitable relief against Defendant Susquehanna Area Regional Airport Authority and Defendant Alfred Testa, Jr., jointly and severally:

A. An Order requiring Defendants to reinstate Plaintiff Garin Moore to his former position;

B. An Order requiring Defendants to pay back pay, front pay, and other lost economic benefits to Plaintiff Garin Moore;

C. An Order prohibiting Defendant Susquehanna Area Regional Airport Authority and Defendant Alfred Testa, Jr., from engaging in any illegal conduct intended to discourage employees of the Authority from exercising their First Amendment right to organize collectively for the purpose

of collective bargaining;

D. An Award of compensatory damages to Plaintiff Moore for his humiliation, embarrassment, emotional distress and loss of enjoyment of life;

E. An Award of punitive damages to Plaintiff Moore because of Defendants' aforesaid outrageous conduct;

F. An Award of attorney's fees to Plaintiff's counsel pursuant to 42 U.S.C. §1988; and

G. Such other relief that the Court finds just, legal, and equitable under the circumstances.

Ralph B. Pinskey
PINSKEY & FOSTER
121 South Street
Harrisburg, PA 17101
(717) 234-9321
(717) 234-7832 (FAX)
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

4/2/02
Date

*[signature]*
GARIN MOORE